*Mercantile Global Holdings, Inc. v. Hamilton M&A Fund, SP*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-five.

PRESENT:    STEVEN J. MENASHI,
            EUNICE C. LEE,
                *Circuit Judges*,
            HECTOR GONZALEZ,
                *District Judge*.*

_____

MERCANTILE GLOBAL HOLDINGS, INC.,

     *Petitioner-Appellee*,

    v.                                                    No. 24-1528

HAMILTON M&A FUND, SP,

     *Respondent-Appellant*.

_____

_____

* Judge Hector Gonzalez, of the United States District Court for the Eastern District of New York, sitting by designation.

*For Petitioner-Appellee*: Mark Klapow, Crowell & Moring LLP, Washington, DC.

*For Respondent-Appellant*: Jeffrey S. Gavenman, Schulman Bhattacharya, LLC, North Bethesda, MD.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ho, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Respondent-Appellant Hamilton M&A Fund, SP ("Hamilton") appeals from a judgment entered by the United States District Court for the Southern District of New York on May 3, 2024, denying Hamilton's motion to vacate an arbitration award and granting the petition of Petitioner-Appellee Mercantile Global Holdings Inc. ("Mercantile") to confirm the award.

Hamilton and Mercantile entered into two investment agreements on September 16, 2022, under which Hamilton agreed to pay Mercantile approximately $37.1 million in exchange for equity shares in Mercantile. Before Hamilton could complete the transaction, the federal government seized Hamilton's funds in connection with a criminal investigation. Hamilton was unable to fulfill its payment obligations under the agreements. Mercantile initiated arbitration proceedings pursuant to the arbitration provisions of the agreements. Following those proceedings, the arbitrator determined that Hamilton had breached the investment agreements and awarded Mercantile damages of $20,251,062.14, calculated as the full contract price minus the present value of the shares that Mercantile retained.

On appeal, Hamilton argues that the district court erred by confirming the arbitration award because the arbitrator's damages calculation reflects manifest disregard of Delaware law. Hamilton does not challenge the arbitrator's

determinations of liability or of a contract price of $37 million. Hamilton challenges only the $20 million net present value reduction in damages based on the market value of the retained shares. In Hamilton's view, the reduction was impermissibly speculative and should be set aside. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I

"We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error." *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 408 (2d Cir. 2009) (alteration omitted) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003)). "When a party challenges the district court's review of an arbitral award under the manifest disregard standard, we review the district court's application of the standard *de novo*." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (quoting *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007)).

"A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a 'heavy burden,' as awards are vacated on grounds of manifest disregard only in 'those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent.'" *Id.* (citation and alteration omitted) (quoting *Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 91-92 (2d Cir. 2008)). Accordingly, our review under the manifest disregard standard is "severely limited," *Duferco*, 333 F.3d at 389 (quoting *India v. Cargill Inc.*, 867 F.2d 130, 133 (2d Cir. 1989)), because the application of that standard is "a doctrine of last resort," *id.*

"An arbitral award may be vacated for manifest disregard of the law only if a reviewing court finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case."

*Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004) (internal quotation marks and alterations omitted). The award "should be enforced, despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached." *Id.* at 190 (quoting *Banco de Seguros del Estado v. Mut. Marine Off., Inc.*, 344 F.3d 255, 260 (2d Cir. 2003)).

**II**

Hamilton argues that the arbitrator willfully disregarded Delaware law by awarding damages based on a market value that he acknowledged was "no more than a guess." App'x 42 n.28. We disagree.

Under Delaware law, "when a contract is breached, expectation damages can be established as long as the plaintiff can prove the *fact* of damages with reasonable certainty. The *amount* of damages can be an estimate." *Siga Techs., Inc. v. PharmAthene, Inc.*, 132 A.3d 1108, 1111 (Del. 2015). Moreover, when "the existence of damage is certain, and the only uncertainty is as to its amount, the burden of uncertainty as to the amount of damage is upon the wrongdoer." *Id.* at 1131 n.132 (alteration omitted) (quoting *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 391 (2d Cir. 2006)).

The arbitrator did not act in manifest disregard of these legal principles. The arbitrator determined that the proper measure of damages was the difference between the contract price and the market value of the shares that Mercantile retained. In calculating this market value, the arbitrator rejected both parties' "extreme" positions—that the shares were either worthless or worth the full contract price. App'x 40. Instead, the arbitrator relied on testimony from both parties' damages experts to arrive at an estimated value of $20 million in two years, discounted to present value using a ten percent discount rate suggested by Hamilton's own expert.

Although the arbitrator described the $20 million figure as "no more than a guess," he noted that it was "the *only* estimate offered in this case." *Id.* at 42 n.28. The arbitrator explained that the parties "had adequate opportunity to provide an

4

estimate of market value," but each side instead "opted to 'shoot the moon'" by staking out an extreme position. *Id.* The record makes it apparent that the arbitrator was not willfully flouting Delaware law but undertook a good-faith attempt to estimate the damages based on the available evidence.

There was no dispute about the *fact* of damages; Hamilton breached the investment agreements and Mercantile suffered harm as a result. The uncertainty was limited to the *amount* of damages, specifically the market value of the retained shares. Given that both parties' experts provided testimony supporting the figure—and the absence of evidence suggesting a different amount—the arbitrator had at least "a barely colorable justification" for its market value determination. *Wallace*, 378 F.3d at 190 (emphasis omitted) (quoting *Banco de Seguros*, 344 F.3d at 260).

\* \* \*

We have considered Hamilton's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court